UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LAWRENCE AZEVEDO, | ) | 1:09cv0375 AWI DLB |
| | ) | |
| | ) | |
| | ) | ORDER GRANTING MOTION TO COMPEL |
| Plaintiff, | ) | PLAINTIFF TO SUBMIT TO AN |
| | ) | INDEPENDENT MEDICAL EXAMINATION |
| v. | ) | (Document 14) |
| | ) | |
| CITY OF FRESNO, et al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendants City of Fresno, Fresno Police Department and Officer Nathan Carr ("Defendants") filed the instant motion to compel Plaintiff Lawrence Azevedo ("Plaintiff") to submit to an independent medical examination ("IME"). The matter was heard on December 18, 2009, before the Honorable Dennis L. Beck, United States Magistrate Judge. Rosemary McGuire appeared on behalf Defendants. John Fattahi appeared telephonically on behalf of Plaintiff.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 in Fresno County Superior Court on December 30, 2008. Defendants removed the action to this Court on February 27, 2009.

According to the Complaint, Plaintiff alleges that Officer Karr (and Doe Defendants) detained and arrested him without probable cause and with the use of objectively unreasonable and excessive amounts of force on November 7, 2007. The Complaint contains causes of action for violation of the Fourth Amendment (unreasonable search and seizure), municipal liability, and

1

1  violation of the Fourteenth Amendment (substantive due process).  As relief, Plaintiff seeks
2  general, special and exemplary damages.
3       In his Fed. R. Civ. P. 26(a)(1) disclosure, Plaintiff reportedly claimed to have sustained
4  emotional distress, mental anguish and loss of enjoyment of life.  In his interrogatory responses,
5  Plaintiff claimed that as a result of the incident, he has "fear of police, diminished self-confidence,
6  humiliation, decreased concentration, depression, insomnia, anxiety."  Joint Statement, p. 2.
7       Plaintiff testified at deposition on October 7, 2009.  According to Defendants, Plaintiff
8  testified that the incident affected him mentally and emotionally, he is depressed all the time and
9  he is unable to work because the incident affected him mentally.  He reportedly also "broke
10 down" several times during the deposition and, at one point, his counsel suggested that the
11 deposition be continued because of his emotional state.  Joint Statement, p. 2.
12      On October 21, 2009, defense counsel sent a letter to Plaintiff's counsel requesting an
13 IME.  On October 28, 2009, Plaintiff's counsel responded, indicating that Plaintiff had not alleged
14 a specific mental or psychiatric injury and only sought compensation for "garden variety"
15 emotional distress incident to his physical injuries.
16      The parties met and conferred telephonically on November 2, 2009.  They did not reach
17 an agreement.
18      Defendants filed the instant motion to compel an IME on November 10, 2009.  In the
19 motion, Defendants acknowledge that Plaintiff asserts no separate claim for infliction of emotional
20 distress.  However, Defendants contend that Plaintiff has claimed specific mental and/or
21 psychiatric injuries (1) in his interrogatory responses; and (2) in his deposition testimony.  They
22 argue that because Plaintiff is claiming an inability to work due to his mental state it raises his
23 claim of emotional distress to "severe," not "garden variety."  Defendants request that Plaintiff
24 submit to an approximately four-hour IME, conducted by Harold Seymour, Ph.D., a licensed
25 clinical psychologist, and consisting of a clinical interview and Personal Assessment Inventory
26 diagnostic test.
27      On December 1, 2009, Plaintiff filed an opposition to the motion.  Plaintiff contends (1) he
28 has not alleged a specific mental or psychiatric injury or disorder, but garden-variety allegations of

"humiliation, mental anguish, and emotional distress;" and (2) he has not claimed any unusually severe emotional distress. Plaintiff indicates that he is not opposed to a denial of the motion on the condition that he may not either (1) bring a claim for intentional or negligent infliction of emotional distress, (2) make an allegation of a specific mental or psychiatric injury or disorder unrelated to his physical injuries, (3) bring a claim of unusually severe emotional distress (including a claim that he has lost any earnings because of emotional distress unrelated to his physical injuries), or (4) offer any expert testimony to support his emotional distress claim. Opposition, p. 9.

The parties also filed a joint statement of discovery dispute on December 11, 2009.

## DISCUSSION

Defendants seek an independent medical examination of Plaintiff pursuant to Federal Rule of Civil Procedure Rule 35. In relevant part, Rule 35(a) provides:

> **(1) *In General*.** The court where the action is pending may order a party whose mental or physical condition–including blood group–is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.

Accordingly, to justify a mental examination under Rule 35, Defendants must demonstrate (a) that Plaintiff has placed his mental condition "in controversy," and (b) "good cause" for the examination. Schlagenhauf v. Holder, 379 U.S. 104 (1964). "Good cause" generally requires a showing of specific facts justifying discovery. Factors that courts have considered include, but are not limited to, the possibility of obtaining desired information by other means, whether plaintiff plans to prove his claim through testimony of expert witnesses, whether the desired materials are relevant, and whether plaintiff is claiming ongoing emotional distress. See Turner v. Imperial Stores, 161 F.R.D. 89, 97-98 (S.D. Cal. 1995) (expert testimony); Ragge v. MCA/Universal Studios, 165 F.R.D. 605, 608 (C.D.Cal. 1995) (ongoing emotional distress); Schlagenhauf, 379 U.S. at 118-119 (availability by other means).

Even if good cause is shown, it is still within the court's discretion to determine whether to order an examination. Stinchcomb v. United States, 132 F.R.D. 29, 30 (E.D.Pa.1990). Although the rule is to be construed liberally to allow the examination, the court must take into

account the interest of the party to be examined in avoiding unnecessary invasion of privacy balanced against the moving party's right to a fair trial. Curtis v. Express, Inc., 868 F.Supp. 467, 468 (N.D.N.Y.1994).

      Here, Plaintiff has placed his mental condition in controversy by alleging that he suffered emotional distress from the incident and there is good cause for the examination because of ongoing mental harm.  In his response to interrogatories, Plaintiff indicated that he suffered depression, anxiety and insomnia.  He also testified at deposition that the incident has caused him to be unable to work due to his mental state.  Azevedo Deposition Testimony ("Azevedo Depo."), pp. 113:20-114:15, 119:11-17.

      As Plaintiff is claiming the inability to work because of his mental state, and not physical injuries, this raises his claim of emotional distress beyond mere "garden variety."  Although Plaintiff argues that there are other factors for his lack of employment, Plaintiff admitted that the incident's effect on his emotional state is one factor in his lack of employment.  Additionally, Plaintiff testified that he has not paid any out-of-pocket expenses for the physical injuries he suffered.  Azevedo Depo., p. 120:6-25.  Accordingly, Plaintiff's damages and any claim for lost wages will be based in large part on Plaintiff's asserted mental injuries.  Cf., E.E.O.C. v. AutoZone, Inc., 2007 WL 2126517 (D.Ariz. 2007) (court denied the request for a Rule 35 mental examination in part because there was no showing that the majority of the claim for monetary damages arose from alleged emotional distress).  At hearing, Plaintiff's counsel offered to discuss withdrawal of the emotional distress claim and a limitation of testimony with Plaintiff, however, there is no indication that Plaintiff would agree to such limitations.  Therefore, the Court considers Plaintiff's claims and testimony as they currently stand.

      To the extent that Plaintiff contends that Turner, 161 F.R.D. at 95, is not satisfied here, this argument is without merit.  According to Turner:

> courts will order plaintiffs to undergo mental examinations where the cases involve, in addition to a claim of emotional distress, one or more of the following: 1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession that his or her mental condition is "in controversy" within the meaning of Rule 35(a).

Id. at 95. Certain of the Turner factors are met because Plaintiff has claimed specific mental and/or psychiatric injuries, he has claimed that he is unable to work because of his resulting mental state, and he has alleged in his complaint that he suffered "extreme and severe mental anguish." Complaint, ¶ 43.

Insofar as Plaintiff argues that Defendants have failed to satisfy the requirements of Fed. R. 35(a)(2)(B) because they have not specified a particular mental condition for which the examination is sought, have not provided a sufficient curriculum vitae for Dr. Seymour and have not defined the scope of the examination, this argument also is without merit. Rule 35(a)(2)(B) requires that an order must "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Defendants have requested that Plaintiff appear for a mental examination on January 20, 2010, at 10:00 a.m., to be conducted by Dr. Seymour at his office located at 5740 N. Palm, Suite 105, Fresno, CA for approximately four hours limited to the conditions that Plaintiff has identified. Defendants have satisfied the requirements of Rule 35(a)(2)(B). See, e.g., Kob v. County of Marin, 2009 WL 3706820, *1, (N.D.Cal. Nov. 3, 2009) (finding defendants satisfied their Rule 35(a)(2)(B) obligations by requesting that the court "order a mental examination of Plaintiff limited to her mental condition with Dr. Mark I. Levy on November 23, 2009 for a duration of 3 hours."). The rule does not require the moving party to describe the particular testing/procedures or the examiner's background.

## CONCLUSION

Based on the above, the Court GRANTS Defendants' motion to compel. Plaintiff is ORDERED to appear for an independent mental examination on January 20, 2010, at 10:00 a.m. at Dr. Seymour's office located at 5740 N. Palm, Suite 105, Fresno, CA, or another mutually acceptable date. Defendants shall submit a copy of the written IME report to Plaintiff. Thereafter, Plaintiff shall have 20 days to submit rebuttal expert testimony.

IT IS SO ORDERED.

Dated:   **December 29, 2009**          **/s/ Dennis L. Beck**
                                     UNITED STATES MAGISTRATE JUDGE